# BYSTROM, etc. v SIDDHA YOGA DHAM OF MIAMI, FLORIDA, INC., et al.

## Case No. 83-37510 CA 12

Eleventh Judicial Circuit, Dade County

September 17, 1987

### APPEARANCES OF COUNSEL

**Robert A. Ginsburg,** County Attorney and **Daniel A. Weiss,** Assistant County Attorney, for plaintiff.

**Richard R. Snyder** for defendant, Siddha Yoga Dham of Miami, Florida, Inc.

**Joseph C. Mellichamp, III,** Assistant Attorney General, for defendant, Randall Miller, Director of Department of Revenue.

### OPINION OF THE COURT

ALLEN KORNBLUM, Circuit Judge.

### *FINAL SUMMARY JUDGMENT*

THIS CAUSE came before the Court September 17, 1987, pursuant

to notice of hearing and corrected notice of hearing on Plaintiff's Motion for Final Summary Judgment. Having considered the record in this cause, the Court finds certain matters to be established of record. On June 25, 1987, the Court entered an "Order Finding Certain Matters to be Established of Record." That Order established of record that the Defendant/taxpayer Siddha Yoga Dham of Miami, Florida, Inc. is not a qualifying nonprofit applicant for assessment year 1982 within the meaning of § 196.195, Fla. Stat. As a result of the foregoing finding, it is apparent that Siddha Yoga Dham of Miami, Florida, Inc. cannot properly qualify for property tax exemption with respect to the subject property for 1982. This essential fact having been established of record, all other facts are immaterial. Thus, there is no genuine issue of any material fact, and the Plaintiff/Property Appraiser is entitled to judgment as a matter of law.

The foregoing conclusion is based upon the following briefly stated legal analysis. In the recent case of *Celotex Corporation v. Catrett*, 106 S. Ct. 2548 (1986), the United States Supreme Court held:

In our view, the plain language of [the summary judgment rule] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id.* at 2552-53. In the instant case, the taxpayer must be able to show that it is a qualifying nonprofit applicant within the meaning of § 196.195, Fla. Stat., in order to qualify for the property tax exemption sought. Because the record herein establishes conclusively that Defendant/taxpayer cannot make the required showing, all other facts are immaterial.

Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1. As of January 1, 1982, the Defendant Siddha Yoga Dham of Miami, Florida, Inc. was the legal titleholder of record of the real property described by tax folio number 01-0209-40-2500, hereinafter referred to as the "subject property."

2. The Defendant Siddha Yoga Dham of Miami, Florida, Inc. was the taxpayer to which the subject property was assessed for the year 1982.

3. The Defendant Siddha Yoga Dham of Miami, Florida, Inc. made application for religious exemption of the subject property as of January 1, 1982. To qualify for the exemption sought, the taxpayer was required to show that the subject property was owned by a nonprofit applicant within the meaning of § 196.195, Fla. Stat. The record herein establishes that the Defendant/taxpayer cannot make this showing.

4. Therefore, the Property Appraiser's denial of the taxpayer's application for exemption herein was correct as a matter of law and the preliminary assessment upon the subject property at the just valuation of $61,090.00 is hereby reinstated.

5. The Dade County Tax Collector is authorized to submit to Defendant Siddha Yoga Dham of Miami, Florida, Inc. a revised bill for deficiencies in taxes plus interest at the rate of 12% per annum beginning April 1, 1983 until the date of this judgment, provided that if unpaid at the expiration of 30 days from the date of this judgment, said taxes shall become delinquent and bear interest at the rate of 18% per annum, and at such time the Tax Collector shall be authorized to enforce the collection of such taxes as delinquent taxes as provided by law, without further order of this Court. Judgment is hereby entered in favor of the Plaintiff in an amount to be determined in accordance with the foregoing provisions of this judgment, for which let execution issue.

6. Upon the foregoing, judgment is hereby entered in favor of the Plaintiff Property Appraiser of Dade County and against the Defendant/taxpayer Siddha Yoga Dham of Miami, Florida, Inc., which shall go hence without day.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 17th day of September, 1987.